[Not for Publication]
United States Court of Appeals
For the First Circuit


No. 97-1239

UNITED STATES,

Appellee,

v.

ALFRED W. TRENKLER,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge] 



Before

Selya, Circuit Judge, 
Coffin, Senior Circuit Judge, 
and Stahl, Circuit Judge. 



Morris M. Goldings, with whom Amy J. Axelrod, R. David Beck, and 
Mahoney, Hawkes & Goldings, LLP, were on brief for appellant. 
Kevin P. McGrath, Assistant United States Attorney, with whom 
Donald K. Stern, United States Attorney, was on brief for appellee. 



January 6, 1998


STAHL, Circuit Judge. Defendant-appellant Alfred STAHL, Circuit Judge. 

W. Trenkler appeals district court orders denying his various

motions for a new trial, for an inquiry into possible juror

misconduct, and for an evidentiary hearing on the basis of

newly acquired evidence. We conclude that the district court

properly denied the motions, and, therefore, we affirm.

I. I. 

Facts and Procedural History Facts and Procedural History 

On November 29, 1993, defendant was convicted of

conspiracy under 18 U.S.C. 371, receipt of explosive

materials under 18 U.S.C. 844(d), and attempted malicious

destruction of property by means of an explosive under 18

U.S.C. 844(i), for his role in creating a pipe bomb that

resulted in the death of one Boston bomb squad officer and

the serious injury of another officer.

In his appeal to this court, we held that the trial

court had erred by admitting evidence from a Bureau of

Alcohol, Tobacco and Firearms ("ATF") computerized database

of bombings ("EXIS"), which the government had introduced at

trial under the catch-all exception to the hearsay rule, Fed.

R. Evid. 803(24), to establish the identity of the bombmaker.

See United States v. Trenkler, 61 F.3d 45, 59 (1st Cir. 

1995). We reasoned that the government had not convincingly

demonstrated the reliability of the EXIS database evidence.

See id. We also concluded, however, that the error was 

-2- 2

harmless beyond a reasonable doubt, principally on the basis

that a government witness and convicted felon, William David

Lindholm, had testified that defendant had built the pipe

bomb at issue, but also on the basis that the government had

provided ample evidence, including out of court statements by

defendant's alleged co-conspirator, Thomas Shay, Jr., to

establish a relationship between defendant and Shay Jr. Id. 

at 60-61.

Developments subsequent to defendant's appeal bring

him before us once again. First, defendant learned from an

article in the Boston Globe on August 1, 1995, that Lindholm

had been released from prison on September 30, 1994, thirty-

seven months into his ninety-seven month sentence. On August

8, 1995, defendant filed with this court a motion to remand

for an inquiry into a possible undisclosed deal between

Lindholm and the government. We denied the motion because

the district court was the proper forum for the request.

Second, on June 22, 1995, we held in Shay Jr.'s

appeal of his conviction arising from the same incident that

the district court had erred by excluding testimony by Dr.

Robert Phillips that Shay Jr.'s incriminating statements were

unreliable because Shay Jr. suffered from a recognized mental

disorder known as "pseudologia fantastica." On remand, the

district court held that the doctor's testimony was both

reliable and relevant and was, accordingly, admissible as an

-3- 3

"alternative, non-incriminating explanation for Shay Jr.'s

seemingly incriminating statements." The results of Shay

Jr.'s appeal are relevant to defendant Trenkler because, on

the basis of the district court's original exclusion of the

statements in Shay Jr.'s trial, defendant's trial counsel

concluded that it would be futile to seek to introduce the

doctor's testimony in defendant's trial and thus did not

attempt to do so.

Finally, on October 15, 1996, defendant learned

that a woman named Donna Shea had notified the ATF that an

alternate juror at his trial, Ramona Walsh, had known

defendant. During voir dire Walsh had not admitted to 

knowing defendant. The government initiated an investigation

into Shea's allegations, pursuant to which an ATF agent

interviewed both Shea and a third party, Nancy Tolmie (now

Nancy Russell). Shea claimed in her interviews that

alternate juror Walsh had been present at three or four

cocaine sales that Shea had made to Tolmie twelve years prior

to the Trenkler trial. Further, she claimed that defendant

may have been present at those sales. Tolmie admitted in her

interview that she had purchased cocaine from Shea during the

time period in question, but she denied that Walsh had ever

accompanied her on those occasions. In an ATF Report of

Investigation, the government concluded that Shea's

allegations were groundless.

-4- 4

Subsequently, on the basis of Lindholm's early

release from prison, and this court's evidentiary ruling in

Shay Jr.'s appeal on the testimony of Dr. Phillips, defendant

filed in the district court on December 22, 1995, a motion

for a new trial pursuant to Fed. R. Crim. P. 33 or,

alternatively, an evidentiary hearing based on newly acquired

evidence. While that motion was pending, on November 19,

1996, Trenkler filed a motion for inquiry into possible juror

misconduct and for a new trial on the basis of Shea's

allegations regarding Walsh. The district court denied the

motions, respectively, on February 4, 1997, and May 22, 1997.

This appeal followed. 

II. II. 

Discussion Discussion 

A. Juror Misconduct 

Defendant first argues that the district court

abused its discretion in denying his motion for inquiry into

possible juror misconduct and for a new trial because it

failed to conduct an independent inquiry regarding the

misconduct allegation. Specifically, he contends that the

court's failure to conduct an inquiry and to grant a new

trial based on the allegations of juror misconduct violated

his Sixth Amendment right to an impartial jury. He also

contends that the court improperly based its findings

-5- 5

entirely on statements obtained for the government by the ATF

agent.

We review a district court's determination that no

juror misconduct occurred for a patent abuse of discretion.

See United States v. Hunnewell, 891 F.2d 955, 961 (1st Cir. 

1989). We likewise review the denial of a motion for a new

trial for manifest abuse of discretion. See United States v. 

Tibolt, 72 F.3d 965, 972 (1st Cir. 1995). 

As an initial matter, we note that the court was

justified in relying on the report of the ATF agent's

interviews with Shea and Tolmie. As the government rightly

points out, it was the government who first brought the

charge of juror misconduct to the attention of the district

court, and defendant failed to present any evidence that

would place into question the accuracy of the report.

We next turn to the court's determinations. When

there has been a "nonfrivolous suggestion" of juror bias or

misconduct, "the district court must undertake an adequate

inquiry to determine whether the alleged incident occurred

and if so, whether it was prejudicial." United States v. 

Gaston-Brito, 64 F.3d 11, 12 (1st Cir. 1995) (internal 

citations omitted). Although this threshold is not

particularly high, see Neron v. Tierney, 841 F.2d 1197, 1202 

n.6 (1st Cir. 1988), the district court shall not "intru[de]

into the sphere of jury privacy," id. at 1205, without 

-6- 6

evidence "sufficient to undergird genuine doubts about

impartiality," id. at 1202. 

Defendant has presented no such evidence. As the

district court observed, Shea did not claim that Walsh knew

anything about defendant or had ever spoken to him, nor had

she alleged any other facts that would lead one to believe

that Walsh would recognize defendant twelve years later.

Moreover, not only did Tolmie contradict Shea's allegations

but, in addition, Shea herself contradicted them by admitting

that defendant did not know "or have any dealings with" Walsh

during the relevant time period. On the basis of these

circumstances alone we find that the district court committed

no patent abuse of discretion in finding that Shea's

allegations of misconduct by an alternate juror were

conjectural and did not trigger a duty to investigate. The

court therefore committed no abuse of discretion in denying a

new trial.

B. Newly Discovered Evidence 

Defendant's second argument is that the district

court abused its discretion in denying his motion for a new

trial or, alternatively, an evidentiary hearing based on

newly acquired evidence, because it used inappropriate

standards in considering the newly discovered evidence

regarding Lindholm, and because it improperly declined to

-7- 7

recognize Dr. Phillips's testimony as "unavailable" to him at

the time of his trial. 

We begin with the Lindholm issue. In normal

circumstances, a motion for a new trial based on newly

discovered evidence must show that the evidence was (1)

unknown or unavailable at the time of trial, (2) despite due

diligence, (3) material, and (4) likely to result in an

acquittal upon retrial. See United States v. Ortiz, 23 F.3d 

21, 27 (1st Cir. 1994). A less stringent standard of review

applies, however, when the new evidence was in the

government's control and its disclosure was withheld, and

when there is an allegation that a witness committed perjury.

In particular, in situations in which the government has

withheld evidence, a court should grant a new trial if there

is a "reasonable probability" that the evidence would have

changed the result. Tibolt, 72 F.3d at 971. Perjury 

allegations should prompt a new trial when the court is

"reasonably-well satisfied" that the testimony was false and

that, without the false testimony, the jury "might have

reached a different result." United States v. Wright, 625 

F.2d 1017, 1020 (1st Cir. 1980) (internal citation omitted).

In this case, there is no basis for applying a more

lenient standard. The district court rightly observed that

nothing in the record indicates that Lindholm perjured

-8- 8

himself or that his early release from prison was the result

of a deal made prior to the trial that the government failed

to disclose. Rather, all evidence, including an affidavit

from an assistant U.S. Attorney which defendant has not

challenged, unequivocally leads to the conclusion that

Lindholm's early release arrangement was made several months

after the Trenkler trial. The district court's use of the

more stringent standard was therefore appropriate.

Furthermore, that there is no evidence of perjury or

nondisclosure by itself suffices to defeat defendant's

argument: there is simply no basis, under the first Ortiz 

factor, on which to conclude that the "new evidence" or any

agreement associated with it even existed at the time of the

trial. Accordingly, our independent review of the evidence

convinces us that the district court did not abuse its

discretion in denying an evidentiary hearing and a new trial

on this issue.

Defendant's next claim is that Dr. Phillips's

testimony regarding Shay Jr.'s condition of pseudologia

fantastica constitutes newly discovered evidence. In

particular, defendant argues that his trial counsel chose not

to offer the testimony because the district court had

excluded it at Shay Jr.'s trial and that our remand of the

testimony issue in that case to the district court for

further consideration rendered the testimony newly discovered

-9- 9

evidence. We, like the district court, reject this argument.

Under no interpretation of the standard was Dr.

Phillips's testimony unknown or unavailable at the time of

defendant's trial. That the district court excluded the

testimony in Shay Jr.'s trial and that defendant's trial

counsel believed it would be futile to offer it in light of

the prior trial do not excuse him from making the offer. The

decision of defendant's trial counsel in this case not to

offer the testimony may have been part of his reasonable

trial strategy: although some of Shay Jr.'s statements were

not favorable to Trenkler, some of his admissions supported

Trenkler's defense. Thus, trial counsel may have determined

that it would be unwise to risk discrediting Shay Jr.'s

admissions, even for the sake of discrediting his statements

about the existence of a co-conspiracy between Shay Jr. and

defendant. In any event, the district court did not abuse

its discretion in concluding that the proffered testimony

failed to meet the first prong of the Ortiz test, thus 

denying defendant's motion on this issue.

In sum, the district court did not abuse its

discretion with regard to any of the issues in this appeal. 

Affirmed. Affirmed 

-10- 10